[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2011
JOHN LEY
CLERK

No. 10-10257

_____

D.C. Docket No. 1:08-cr-20412-AJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK N. MILLER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 29, 2011)

Before BARKETT and HULL, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

Derrick Miller appeals his conviction after pleading guilty to being a felon

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the district court participated in plea negotiations, in violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure.

On the eve of trial, the court held an evidentiary hearing on Miller's motion to dismiss the indictment based on the government's destruction of evidence in the case. In the middle of the hearing, after several witnesses had testified that evidence had been destroyed, and during a break in the proceedings, the government offered to dismiss four counts of the five-count indictment if Miller would agree to plead guilty to the remaining count (Count Five). Shortly thereafter, at 5:15 p.m., the court commenced a plea hearing. During the hearing, Miller twice advised the court that he wished to plead guilty to Count Five of the indictment but then equivocated. The court then advised Miller that if he wished to accept the government's offer to plead guilty to only Count Five, he would have to do so that evening; and that if he sought to plead guilty the following day or at any point in the future, the court would only accept a plea to the entire indictment.

As an initial matter, we recognize that the trial court has discretion to set time limits for the acceptance of pleas, but we find the court's deadline under these circumstances troubling. Miller was afforded only a limited amount of time to consider the government's offer before the plea hearing began, and the

difficulty of his otherwise weighty decision was exacerbated by his still-pending motion to dismiss the indictment, which was based on the government's admittedly improper destruction of DNA evidence. Given these circumstances and the late hour of the plea hearing, we think that, rather than imposing an imminent deadline, the more prudent course of action would have been for the court to simply conduct the plea hearing the following day.

In the district court, Miller three weeks later moved to withdraw his guilty plea based on the erroneous advice of counsel, not the nature of the Rule 11 colloquy. Thus, although we had the issue briefed, we still review for plain error. And we conclude that, while a close question, the district court's comments were not plainly erroneous or participatory under the particular facts and circumstances of this case, but rather constituted a permissible exercise of its discretion to manage its trial docket. See United States v. Gamboa, 166 F.3d 1327, 1330–31 (11th Cir. 1999). Accordingly, we affirm.

**AFFIRMED.**